Argued September 21, affirmed September 28, 1926.

## STATE *v.* CHARLES CHRISTENSEN.

(249 Pac. 366.)

**Rape.**

Though prosecutrix failed to resist from fear of personal violence, evidence *held* sufficient to support verdict.

---

Rape, 33 Cyc., p. 1428, n. 97.
See 22 R. C. L. 1185.

From Coos: JOHN C. KENDALL, Judge.

Department 1.

From judgment of conviction of the crime of rape, defendant appeals.    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. C. F. Pruess.*

For respondent there was a brief and oral argument by *Mr. J. B. Bedingfield,* District Attorney.

BELT, J.—The single question involved is whether there is evidence to support the verdict. Mary Hartman, as prosecutrix, is eighteen years of age and has had two years of high school training. She has lived in the country most of her life. The defendant is a strong, muscular man, 32 years old, a logger by occupation. On June 21, 1925, about 10 o'clock in the morning, Mary and her mother, together with three small children, started out to pick blackberries along the county road between Coquille and Myrtle Point in Coos County. They came upon defendant who was apparently engaged in repairing his Ford coupe. The girl, who was corroborated by her mother, thus tells what occurred:

"Well, he came over to us and tapped me on the shoulder and said I want you to come with me, and I said I do not want to go with you, and he pulled his gun out of his pocket and said, if you do not go with me, I will shoot all of you, and my mother stepped in between us and said, Mary does not have to go with you, and he kept flourishing the gun, and then I whispered to mother and told her that I would go with him and that I would jump out of the car when we reached our home, and I asked him where he was going to take me and he would not tell me, and I said if you will take me home I will go with you, and he asked me where I lived and I told him, and he said he would let me out there; he said he wanted me to go riding with him, so on our ride to the house I told him where we lived but he did not stop; he kept going so fast, and I was afraid he would use the gun on me, and as we passed our house I kept begging him to let me out, and he asked me the name of the residence between our house and the school house, the Homesteader cabin, and he said as soon as I get there I will turn around and let you out, and we passed that house and he did not stop, and as we got near the Norway school house there was a logging truck

and instead of slowing down he let it go, and he passed it at the intersection and went on down towards Myrtle Point, and he said there was a little bridge down there where he could turn around, that he did not like to turn around in the road for there were too many cars, and then he went on and turned into the cemetery, and he told me to get out of the car, and I told him I did not want to, and we must have been there about three minutes and a half and he was urging me all of the time to get out of the car. * * .''

In response to the question ''At the time you passed the Foote residence where the cars were parked, or where you saw all of these cars, did you make any effort to get out of the car or to call any one's attention?'' she answered, ''No, I did not; he told me if I made any effort to get out, he would use the gun on me.'' There is evidence that up to the time of the consummation of the act, defendant threatened to do injury to the girl if she did not submit to his wishes.

It is urged that there is no evidence of resistance on the part of the prosecutrix. This man was an utter stranger to her. In an inclosed car he rapidly carried her away to a secluded place to accomplish his purpose. The jury, no doubt, believed Mary Hartman's testimony that she was afraid for her life if she offered any resistance. We think there is sufficient evidence of resistance to take the case to the jury. As stated in 22 R. C. L. 1185:

''Consent of the woman from fear of personal violence is void, and though a man lays no hands on a woman, yet if by an array of physical force, he so overpowers her mind that she dares not resist, or she ceases resistance through fear of great harm, the consummation or unlawful intercourse by the man would be rape.''

The extent of resistance required is well considered in *State* v. *Colestock*, 41 Or. 9 (67 Pac. 418), and a restatement of the law is deemed unnecessary.

The trial court's instructions were favorable to defendant and no error is assigned relative to the admissibility of evidence.   The defendant had a fair trial and is bound by the verdict of the jury.

The judgment of conviction is affirmed.

Affirmed.

McBride, C. J., and Burnett and Coshow, JJ., concur.